IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| AutoMoney North, LLC, | ) | Civil Action No.: 0:21-cv-00393-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Fentress Brown, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court are Defendant Fentress Brown's ("Brown") First and Second Motions to Dismiss (ECF Nos. 7, 21). Plaintiff AutoMoney North, LLC ("AutoMoney North") brings this action against Brown for declaratory judgment under 28 U.S.C. § 2201 and for breach of contract. (ECF No. 1.) For the reasons set forth below, the court **GRANTS** Brown's Second Motion to Dismiss (ECF No. 21), **DENIES AS MOOT** Brown's First Motion to Dismiss (ECF No. 7), and **DISMISSES** this action.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a car title loan and associated contracts entered into by AutoMoney North's predecessor in interest, AutoMoney, Inc., and Brown.[1] (ECF No. 1.) AutoMoney North and AutoMoney, Inc. are "regulated lending entities that make consumer loans . . . secured by vehicle titles" and provided such a loan to Brown. (*Id.* at 2 ¶ 3, 3 ¶ 5.) AutoMoney North filed the instant action for declaratory judgment and breach of contract on February 8, 2021. (*Id.* at 1.) Brown contends that on February 3, 2021, her counsel mailed for filing a complaint against AutoMoney North and AutoMoney, Inc. in the North Carolina Superior Court for Richmond

---

[1] The Complaint alleges that, while Brown's title loan was originally obtained from AutoMoney, Inc., AutoMoney North currently operates the location from which Brown obtained her loan and has been assigned her loan and its associated liabilities. (ECF No. 1 at 7, 19.)

1

County.  (ECF No. 7-1 at 2.)  On February 8, 2021, prior to AutoMoney North filing the instant action before this court, the Clerk of Superior Court for Richmond County docketed the civil action captioned *McDonald v. AutoMoney, Inc.*, No. 21-CVS-128 ("North Carolina Action").  (*Id.*)  On February 9, 2021, AutoMoney North and AutoMoney, Inc. removed the North Carolina Action to the United States District Court for the Middle District of North Carolina (No. 1:21-cv-00114).  (*Id.* at 2 n.1.)

Brown filed her First Motion to Dismiss the instant case on April 16, 2021.  (ECF No. 7.)  AutoMoney North filed a Response (ECF No. 9) on April 30, 2021, to which Brown filed a Reply (ECF No. 11).  On November 2, 2021, the court conducted a hearing on Brown's First Motion to Dismiss.  (ECF No. 20.)  On November 30, 2021, the District Court for the Middle District of North Carolina granted Plaintiffs' Motion to Remand the North Carolina Action, *McDonald v. AutoMoney, Inc.*, No. 1:21-cv-00114, ECF No. 25 (M.D.N.C. Nov. 30, 2021), which is now pending in the Superior Court in Richmond County, North Carolina.  On December 2, 2021, Brown filed her Second Motion to Dismiss, asserting that the court should refrain from exercising its declaratory judgment jurisdiction.  (ECF No. 21.)  On December 16, 2021, AutoMoney North filed a Response (ECF No. 24), to which Brown filed a Reply (ECF No. 25).

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Even when standing and subject matter jurisdiction exist, a court has discretion to decide whether to exercise jurisdiction in declaratory judgment actions.

> Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction . . . *may declare* the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201(a) (emphasis added).  This Act gives federal courts discretion to decide whether to declare the rights of litigants . . . Rather than grant litigants a right to judgment in their case, it merely permits the courts to hear those cases.

2

*Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. When an ongoing proceeding in state court overlaps with a federal declaratory judgment action, courts must particularly consider whether "federalism, efficiency, and comity" counsel against exercising jurisdiction. *Trustgard*, 942 F.3d at 202. In determining whether to exercise declaratory judgment jurisdiction, courts look to (1) the state's interest in having its own courts decide the issue; (2) the state courts' ability to resolve the issues more efficiently than the federal courts; (3) the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law; and (4) whether the federal action is mere forum shopping. *Id.*

### III.     ANALYSIS

The factors set forth in *Trustgard* weigh heavily in favor of abstention here. First, North Carolina clearly has a strong interest in interpreting the scope and application of its own consumer protection laws. Although AutoMoney North contends that "South Carolina has a substantial interest in protecting its businesses that adhere to South Carolina law and are licensed and regulated by the South Carolina Consumer Finance Division and the South Carolina Department of Consumer Affairs[,]" (ECF No. 24 at 3), the state of South Carolina's interest does not translate to a *federal* interest of this court strong enough to overcome North Carolina's significant interest in application of its laws.

Second, the North Carolina Action currently pending in the Superior Court affords an adequate forum for the parties to resolve their claims efficiently and effectively. The North Carolina state court is just as capable of applying North Carolina law as this court, so comparative

expertise favors neither party. However, since the North Carolina Action is already pending in state court, requiring the parties to litigate in both courts simultaneously would increase the costs and burdens on all involved. Accordingly, it is more efficient to litigate the claims in a single forum where the parties are already actively litigating.

Third, the risk of unnecessary entanglement between the present case and the North Carolina Action is high. In the North Carolina Action, Brown and her co-plaintiffs seek to recover compensatory damages for AutoMoney North's alleged violations of the North Carolina Consumer Finance Act in connection with "usurious automobile titles loans [AutoMoney North] made to those parties." (ECF No. 7-1 at 3.) In the present action, AutoMoney North asks the court to determine whether its consumer loans to Brown are valid and enforceable under the relevant South Carolina consumer lending laws and whether they are subject to, invalidated by, or in violation of certain North Carolina lending laws[2] or, in the alternative, whether the relevant North Carolina lending statutes violate the Commerce Clause (United States Constitution, Article I, § 8, cl. 3). (ECF No. 1 at 1.) If the court determines the loans are valid, AutoMoney North seeks to proceed on a breach of contract claim. (*Id.* at 1–2.) To determine the applicability of North Carolina law to this action would require the court to resolve factual issues disputed by the parties in the North Carolina Action and "the creation of a parallel action in the United States District Court in South Carolina would be a potential recipe for confusion and unnecessary entanglement with the North Carolina state courts." *AutoMoney, Inc. v. Pippins*, No. 2:19-cv-02217-RMG, ECF No. 16, at 2–3 (D.S.C. Dec. 30, 2019). Thus, the risk of unnecessary entanglement weighs in favor of dismissal.

---

[2] The relevant laws are the North Carolina Consumer Finance Act (N.C. Gen. Stat. §§ 53-163, *et seq.*) (West 2021), North Carolina usury law (N.C. Gen. Stat. §§ 24-1.1, *et seq.*) (West 2021), and the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. §§ 75-1.1, *et seq.*) (West 2021).

Finally, the initiation of this action raises, at the very least, the appearance of forum shopping. Forum shopping occurs "when a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum[,]" *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 212 (4th Cir. 2006), or when a declaratory judgment action is being used "to achieve a federal hearing in a case otherwise not removable[,]" *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (citation omitted). Relevant to this case, North Carolina Action was docketed hours before AutoMoney North filed the present litigation. AutoMoney North has ample opportunity to litigate its claims in any of the thirty-two (32) proceedings against it and AutoMoney, Inc. in venues across the state of North Carolina, (*see* ECF No. 24 at 2), but instead seeks a federal forum. Additionally, AutoMoney North has unsuccessfully attempted to litigate in a federal forum in the North Carolina Action (*see McDonald*, No. 1:21-cv-00114, ECF No. 25 (Order Remanding Case)), and in a South Carolina action involving similar issues (*see Pippins*, No. 2:19-cv-02217-RMG, ECF No. 16 (Order Dismissing Case)). These circumstances create the appearance of forum shopping and counsel against the exercise of declaratory judgment jurisdiction in this case.

Accordingly, the court declines to exercise declaratory judgment jurisdiction over this matter based on considerations of federalism, efficiency, and comity.[3]

---

[3] Because the court finds dismissal appropriate on this basis, the court refrains from addressing the additional grounds for dismissal.

## IV. CONCLUSION

Based upon the foregoing, the court **GRANTS** Brown's Second Motion to Dismiss (ECF No. 21), **DENIES AS MOOT** Brown's First Motion to Dismiss (ECF No. 7), and **DISMISSES** this action.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Judge

February 18, 2022
Columbia, South Carolina